Susan Rotkis VSB 40693
PRICE LAW GROUP
382 S. Convent Ave.
Tucson, AZ 85701
T: (818) 600-5506
E: susan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Patrick Barnes*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| PATRICK BARNES,<br><br>        Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>        Defendant. | **Case No.:** 3:21-cv-00142<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Patrick Barnes ("Mr. Barnes" or "Plaintiff"), by and through his attorneys, alleges the following against Defendant Capital One Bank (USA), N.A. ("Capital One" or "Defendant").

**INTRODUCTION**

1.      Count I of Plaintiff's Complaint against Capital One is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of

automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Plaintiff suffered the very harms that the TCPA was created to address, including disturbing his quiet enjoyment, peace and tranquility, creating a nuisance, invading his privacy-intrusion up seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

4.      Federal question jurisdiction exists because Capital One's conduct violates Mr. Barnes' rights under the TCPA, a federal statute.

5.      Capital One's decisions regarding the accounts at issue are made in Virginia.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that Capital One resides in the Eastern District of Virginia.

7.      Capital One has a principal place of business within the geographic boundaries of the Richmond Division of the Eastern District of Virginia. Therefore, personal jurisdiction and venue are established.

## PARTIES

8.      Mr. Barnes is a natural person residing in Camden County, Georgia.

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

9.      Capital One is a creditor and its principal place of business is located at 1680 Capital One Drive, McLean, VA 22102, and it can be served through its agent for service of process, Corporation Service Company, located at 100 Shockoe Slip, Fl. 2, Richmond, Virginia 23219.

10.     Capital One acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Plaintiff is a 45-year-old diabetic man, who suffers a slew of ongoing and debilitating health problems.

12.     In October 2019, Plaintiff was forced to stop working due to diabetic complications and a failed surgery, which resulted in Plaintiff losing his left foot.

13.     Since then, Plaintiff has supported his entire family, including his 14-year-old daughter, with the disability payments he receives from the Social Security Administration.

14.     In or around January 2020, Plaintiff's elderly mother underwent a serious heart surgery and thereafter moved into Plaintiff's home.

15.     Unfortunately, Plaintiff's home has limited space. Before his mother could move in, Plaintiff had to convert his garage to a bedroom for his mother.

16.     Although the renovation is still incomplete, the necessary and undelayable work cost Plaintiff thousands of dollars.

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

17.     Despite Plaintiff's best efforts to keep up with his financial obligations, it was difficult for him to make end meets given his family's reduced income and the medical expenses.

18.     By the time the COVID-19 Pandemic hit, Plaintiff was struggling financially.

19.     Although Plaintiff's wife works part-time jobs, the pandemic has made it difficult for her to provide any income to the home.

20.     As a result of his struggles, Plaintiff was unable to make his Capital One credit card payment near the end of April 2020.

21.     In or around May 2020, Capital One began calling Plaintiff on his cellular telephone, ending in 5477, to collect on his account.

22.     Capital One called Plaintiff from the following phone numbers: (800) 955-6600 and (800) 435-1415.

23.     Upon information and belief, Defendant owns and operates those phone numbers.

24.     On or about May 9, 2020, at 9:06 am, Plaintiff received a call on his cell phone from (800) 955-6600. After picking up the call, Plaintiff heard background noise consistent with multiple people talking at once in a call center. Plaintiff also noticed an unusually long delay before Capital One's representative began speaking, consistent with the use of an automatic dialing system.

25.     The representative indicated that Capital One was attempting to collect a debt from Plaintiff.

26.     During this call Plaintiff explained to the representative that he was going

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

through a financial hardship due to his health condition and his mother recently moving in.

Plaintiff explained that he could not make a payment at the time and told and unequivocally

requested that Defendant only communicate with him in writing and that he would call

when he was able to make a payment.

27.     Despite Plaintiff expressly instructing Capital One to not call him, Capital

One launched a harassment campaign by calling Plaintiff on his cellular phone relentlessly

over the next five months.

28.     Capital One was so relentless, in fact, that they even called Mr. Barnes on

the weekends.

29.     Between May 9, 2020 and October 24, 2020, Capital One called Plaintiff's

cellular phone no less than **NINETY (90) times** after he revoked consent to be called.

30.     Capital One called Plaintiff on a regular basis at all hours of the day.

31.     Capital One often called Plaintiff multiple times in a single day, sometimes

as many as three times a day.

32.     Upon information and belief, Capital One called and texted, or attempted to

call and text, Plaintiff's friends and family hoping that they would tell him that Capital One

was attempting to collect a debt from him, causing Plaintiff additional embarrassment and

distress.

33.     Upon information and belief, Capital One called Plaintiff and delivered

prerecorded or artificial voice messages.

34.     Upon information and belief, Capital One's automatic dialer failed to return

to the on-hook state within 60 seconds of completion of dialing.

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

35.     Capital One is familiar with the TCPA.

36.     Capital One's conduct was not only done willfully but was also done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

37.     Each and every one of Capital One's telephone calls caused Plaintiff distraction and temporary loss of use of his telephone line.

38.     Capital One's intrusion upon Plaintiff's seclusion would be highly offensive to the reasonable person, as it was oppressive, outrageous, and exceeded reasonable collection efforts. Capital One's conduct was especially egregious because it called relentlessly despite Plaintiff explaining he was unable to repay Capital One due to circumstances outside of his control, and expressly revoked consent to be called.

39.     Furthermore, the annoying and oppressive calls were placed when Capital One had actual knowledge that Plaintiff caring for his ailing mother.

40.     As such, Plaintiff is under an immense amount of stress and Defendant's calls have only exacerbated his stress and anxiety.

41.     Due to Capital One's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227

42.     Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

43.     Capital One violated the TCPA. Capital One's violations include, but are not

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

limited to the following:

    a.  Within four years prior to the filing of this action, on multiple occasions, Capital One violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b.  Within four years prior to the filing of this action, on multiple occasions, Capital One violated 47 U.S.C. § 227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

44.    As a result of Capital One's violations of 47 U.S.C. § 227, Plaintiff is entitled to declaratory judgment that Capital One violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Capital One knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation, pursuant to §227(b)(3)(B), (C).

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

45.     Capital One violated Plaintiff's privacy. Defendant's violations include, but are not limited to the following:

a.   Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

b.   Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46.     As a result of Defendant's violations, Plaintiff suffered invasion of his privacy, intrusion upon his seclusion, his right to quiet enjoyment and peace was disturbed.

47.     Plaintiff suffered emotional distress, mental and physical injuries as a result of emotional distress caused by Defendant's incessant harassment by unwanted, auto-dialed telephone calls against Plaintiff's express revocation of consent and instructions to not call.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Patrick Barnes respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A. for the following:

A.     Declaratory judgment that Capital One violated the TCPA;

*Barnes, Patrick v. Capital One Bank (USA), N.A.*
Complaint

B.      Statutory damages of $500.00 for each and every negligent violation of the

TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C.      Statutory damages of $1,500.00 for each and every knowing and/or willful

violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D.      Actual and punitive damages for Capital One's intrusion upon Plaintiff's

seclusion;

E.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and

F.      Any other relief that this Honorable Court deems appropriate.


**PATRICK BARNES**

By: _____*/s/*_____
Susan M. Rotkis
Virginia Bar No. 40693
Attorney for Plaintiff
Price Law Group, APC
382 S. Convent Ave.
Tucson, AZ 85701
T: (818) 600-5506
F: (818) 600-5405
E: susan@pricelawgroup.com

*Barnes, Patrick v. Capital One Bank*
*(USA), N.A.*
Complaint